**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7417**

AJANAKU E. MURDOCK,

Plaintiff - Appellant,

v.

FNU WILLIAMS, Disciplinary Hearing Officer; FNU HORNE, Assistant Unit Manager; DISCIPLINARY APPELLATE COMMITTEE; FNU MITCHELL, Regional Director; FACILITY CLASSIFICATION COMMITTEE,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, Chief District Judge. (3:19-cv-00039-MR)

Submitted: February 14, 2022                    Decided: March 30, 2022

Before NIEMEYER and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Ajanaku E. Murdock, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ajanaku E. Murdock seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint. We previously remanded this case to the district court for the limited purpose of determining when Murdock filed his notice of appeal. *Murdock v. Williams*, 837 F. App'x 228, 229 (4th Cir. 2021). On remand, the district court found that Murdock filed his notice of appeal after the appeal period expired. Because the district court's finding is not clearly erroneous, we dismiss this appeal for lack of jurisdiction.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's dismissal order was entered on the docket on July 10, 2020. Consequently, Murdock had until August 10, 2020, to note a timely appeal. *See* Fed. R. App. P. 26(a)(1)(C). On remand, the district court found that Murdock gave his notice of appeal to prison officials for mailing on September 1, 2020, and thus filed it on that date. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Upon reviewing the record, we are satisfied that the district court's finding is not clearly erroneous. *See Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012) (reviewing for clear error district court's finding as to when inmate delivered document to prison officials for mailing); *cf. United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) ("As a general proposition, we review a district court's . . . factual findings for clear error.").

Because Murdock filed his notice of appeal after the appeal period expired and he did not obtain an extension or reopening of the appeal period, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*